## HENRY C. WRIGHT

### *v.*

## LOUIS P. BROSSEAU *et al.*

1. PARTNERSHIP—*authority of partner to execute notes in firm name.* The implied authority of one partner to make notes in the firm name, and so bind the firm, extends only to transactions in reference to the business of the partnership, and on partnership account.

2. SAME—*a new partner*, coming into an existing firm, will not be liable in respect to debts contracted by the firm previously to his entering it, unless he expressly assumes them.

3. SAME—*liable on partnership paper in hands of bona fide indorsee, for value, though executed through fraud of one partner.* If the holder of a partnership negotiable security, issued through the fraud of one of the partners, shows himself to be a *bona fide* indorsee for value, without notice of the fraud, the paper in such hands is binding on the firm.

4. In a suit on partnership paper, where the defendants show that the paper was executed by a partner in fraud of the firm, it throws the burden of proof on the plaintiff, to show that he came by the note fairly and without knowledge of the fraud, and that he paid a consideration for it.

5. INSTRUCTIONS—*underscoring portions of, not approved.* The underscoring of portions of an instruction is not a practice to be approved of, as it may mislead the jury to give undue weight to such portions, to the undervaluing of other parts of the instruction.

Mr. THOMAS P. BONFIELD, and Mr. JAMES N. ORR, for the appellant.

Mr. J. BROSSEAU, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action by Henry C. Wright, as indorsee, upon two certain promissory notes, bearing date January 1, 1870, and payable to Nordyke, Marmion & Co., one eight and the other thirteen months after date. The suit was against Louis P. Brosseau, John B. Martin, and John Martin, as makers of the notes as partners under the firm name of Brosseau, Martin & Co. In addition to pleas of the general issue filed by Brosseau and John B. Martin, and John Martin, respectively, John Martin filed his sworn pleas, denying the partnership,

and denying the execution of the notes by the partnership. Upon trial before a jury a verdict was rendered against the defendants Brosseau and John B. Martin, and in favor of John Martin, and there was judgment accordingly, from which the plaintiff appealed.

Errors are assigned, that the verdict is contrary to the evidence, and that the court improperly refused and gave instructions.

There had been a previous firm of Brosseau & Martin, and the evidence was contradictory as to whether John Martin had become a member of that firm, under the new name of Brosseau, Martin & Co., on the 1st of January, 1870, the time the notes were executed, or did not become such member until afterward, January 28. But the evidence was undisputed, that the notes were not given for any debt of the firm of Brosseau, Martin & Co., but were given for and on account of a previous existing indebtedness to Nordyke, Marmion & Co.

The business of the partnership was that of milling. The original firm was Owen, Brosseau & Co. That firm had contracted a debt to Nordyke, Marmion & Co., for mill machinery furnished by the latter. The firm of Brosseau & Martin had succeeded the one of Owen, Brosseau & Co., in the ownership and carrying on of the mill, and had assumed the payment of this indebtedness to Nordyke, Marmion & Co., as a debt of the mill. The notes in suit were given for this indebtedness, the notes being executed by Louis P. Brosseau, he signing the firm name of Brosseau, Martin & Co. Louis P. Brosseau was a member of both firms, of Brosseau & Martin, and Brosseau, Martin & Co.

The firm of Brosseau & Martin was composed of Louis P. Brosseau and John B. Martin. John Martin, the appellee, purchased a portion of the interest of John B. Martin in the mill, the style of the firm then becoming that of Brosseau, Martin & Co. There was conflicting evidence as to whether John Martin, upon entering into the partnership, assumed the payment of any portion of the then mill indebtedness or not,

The preponderance of the testimony, we think, warranted the jury in finding against such assumption.

It is the clearly established doctrine, that a new partner, coming into an existing firm, will not be liable in respect to debts contracted by the firm previously to his entering it, unless he expressly assumes them. The implied authority of one partner to make notes in the firm name, and so bind the firm, extends only to transactions in reference to the business of the partnership, and on partnership account.

If, then, John Martin had been a member of the firm of Brosseau, Martin & Co., at the time the notes in suit were given, as they were not given for a debt of that firm, but for a debt of Owen, Brosseau & Co. to Nordyke, Marmion & Co., which had been assumed by the previous firm of Brosseau & Martin, and as the notes were so given without the express or implied sanction of the appellee, as the jury were warranted to find, it was in judgment of law a fraudulent transaction, and the notes void, in respect to the partnership of Brosseau, Martin & Co. Such is the rule as respects Nordyke, Marmion & Co., the payees of the notes, who took them in payment of their own debt. 3 Kent Com. 42; Parsons on Part. 202.

But a different rule applies as to a *bona fide* indorsee for value without notice of the fraud. And here arises the question on instructions. It is insisted that the court erred in refusing to give the following instructions, on behalf of the plaintiff:

"16. For the plaintiff, the court instructs you, that a note in the hands of an innocent indorsee, signed by one of the members of a partnership firm, in the name of the firm, without the knowledge or consent of his partners, binds the firm, although the note was given for a debt unconnected with the business of the partnership; and if you believe, from the evidence in this case, that the notes in evidence were signed in the firm name of Brosseau, Martin & Co., by Louis P. Brosseau, one of the members of said firm, after John Martin, Sr., had become a member of the said firm; and further find, from the

evidence, that the plaintiff is an innocent indorsee of the said notes, then the plaintiff is entitled to recover in this action against all the members of said firm, including the defendant, John Martin, Sr., although the notes in evidence may have been given for a debt unconnected with the business of the partnership firm of Brosseau, Martin & Co."

"20.   And even if you should not believe, from the evidence, that the liabilities of Owen, Brosseau & Co., or Brosseau & Martin, were assumed by the firm of Brosseau, Martin & Co., yet, if you believe, from the evidence, that Henry C. Wright, the plaintiff in this suit, purchased the notes in suit of the firm of Nordyke, Marmion & Co., and without any information or notice that the notes sued upon were not given for a liability for which the firm of Brosseau, Martin & Co., were holden on, the plaintiff is still entitled to recover the full amount remaining due upon said notes; and the indorsement of the notes by Nordyke, Marmion & Co., upon the back thereof, to the plaintiff, is *prima facie* evidence that the said plaintiff purchased the said notes before the same became due.

"21.   The burden of proof is on the defendant to show that the notes were sold to the plaintiff after the same became due, if he puts in any claim of that kind; and, if the defendants also claim that the plaintiff had any notice that the notes were given for an indebtedness that the firm of Brosseau, Martin & Co. was not liable for, then it is their duty to prove such facts, and, until then, the law presumes said notes were sold to the plaintiff before they became due, and that he is an innocent purchaser."

And in giving for the defendant John Martin this instruction:

"3.   You are further instructed that, as to the defendant, John Martin, Sr., if you find, from the evidence, that the debt for which the said notes were given was incurred before the firm of Brosseau, Martin & Co., existed, then the plaintiff can not recover, unless he prove, by a preponderance of evidence, that Martin, Sr., either assumed the indebtedness when he en-

tered the firm, or that he expressly authorized Brosseau to sign the notes."

In Parsons on Notes and Bills, 125, in treating upon this subject, it is laid down, that if a partner, by his signature, defraud the firm, it does not discharge them from liability to an innocent third party, because their entering into partnership with the wrong-doing partner enabled him to commit the fraud; and see 3 Kent Com. 48. And so in the work of the same first named author, on Partnership, in a note to page 212, it is said: " But if the holder of a partnership negotiable security, issued through the fraud of one of the partners, show himself to be a *bona fide* indorsee for value, without notice of the fraud, the undoubted general rule is, that, in such hands, the paper is binding on the firm."

When the defendant shows a note to have been executed by a partner, in fraud of the firm, it throws the burden of proof upon the plaintiff to show that he came by the note fairly and without knowledge of the fraud. Parsons on Notes and Bills, 128; *Munroe* v. *Cooper et al.* 5 Pick. 412. A bill of exchange thus drawn fraudulently, or a promissory note so made or indorsed, does not bind the firm to an indorsee of the original wrongful holder or indorsee, even if this second indorsee be wholly innocent, unless he can show that he paid a consideration for it. Parsons on Part. 211, and see *Bank of St. Albans* v. *Gilliland*, 23 Wend. 311; *The Bank of Vergennes* v. *Cameron*, 7 Barb. 143; Chit. Bills, 69, 648.

There was no proof whatever upon the subject as to appellant's connection with the notes as indorsee, further than the production of the notes, with a special indorsement to appellant upon them, without date.

The evidence, we think, under the authorities, threw upon the plaintiff the burden of proving that he received the note in the usual course of business, and for value. And in view of the evidence, the 16th instruction asked for the plaintiff was wrong in not requiring proof that the plaintiff paid a consideration for the notes. The 20th was rightly refused, as

there was no evidence of a purchase without information or notice, upon which to base the instruction; and the 21st was erroneous in saying the law presumed the plaintiff was an innocent purchaser until the defendant had made proof that plaintiff had notice that the notes were given for an indebtedness the firm of Brosseau, Martin & Co. was not liable for.

Another refused instruction, asked by plaintiff, that the presumption was, that the notes were indorsed before their maturity, might properly have been given. But as no point was made upon the time of the transfer of the notes, as being before or after maturity, so far as appears from the evidence or instructions; and as the defense set up was one which was available even if the notes had been transferred before maturity, in the absence of proof by plaintiff that he was a *bona fide* indorsee for value, without notice of the fraud, we can not think that any question as to the time of the transfer of the notes affected the result with the jury, and that the want of the instruction harmed the plaintiff.

In view of the lack of any evidence that the plaintiff was a *bona fide* purchaser for value, we do not regard that there was any material error in the defendant's third instruction.

It is objected, that on the margin of some of the defendant's instructions which were given, there appear references to authorities. This was, doubtless, in aid of the court in passing upon the instructions, and without reference to the jury. It is difficult to see what other possible effect the references could have had with the jury, than, perhaps, to add strength to the instructions. As the jury were bound to receive the instructions as the law, such an effect could not be any just cause of complaint.

Objection is further taken to the giving of the following instruction for the defendants, and to the giving of it with a portion underscored, as appears, to-wit:

"12. The court further instructs you, that in case you find from the evidence, that defendants, Brosseau and John B. Martin, Jr., are liable in this action, but that John Martin, Sr.,

is not liable, then your verdict should be for the plaintiff, as against said Brosseau and Martin, Jr., *but in favor of the defendant John Martin, Sr.*

That the jury, in the event of finding John Martin, Sr., not liable, were instructed to find only partly against the plaintiff, instead of wholly, was an error, if one, in favor of plaintiff, of which he can not complain.

The underscoring of portions of an instruction is not a practice to be approved, as it might mislead the jury to place an undue weight upon such portions, to the undervaluing of other parts of the instruction; but, in the present instance, we see no room for such objection.

The newly discovered testimony was but cumulative, and not conclusive, and there would seem to have been a lack of due diligence in not having it upon the trial.

Finding no sufficient ground for the reversal of the judgment, it will be affirmed.

*Judgment affirmed.*