# HERRMANN KIRCHOFF
## v.
## LOUIS GOEZLIN.

*Negotiable Instruments—Notes—Action against Indorser—Fraud—Burden of Proof.*

1. In an action against the indorser of a promissory note, the defendant may introduce evidence under the general issue tending to show that his indorsement was obtained through fraud.

2. Where the indorser of a note has proved that it was fraudulently put into circulation by the maker without his knowledge, the burden is upon the holder to show that he is such in good faith and for value.

[Opinion filed February 13, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

By agreement of the parties, two cases, entitled as above, have been consolidated and argued together. Two notes were made by C. O. E. Matthern, each for $250, dated October 1, 1886, payable to the order of appellee, one due in sixty and the other in ninety days. Appellant wrote his name on the back of each note before the delivery thereof. A separate action was brought against appellant by appellee to recover the amount of each note, the ground of each action being the alleged guaranty by appellant. On the trial of the cases evidence was offered by defendant tending to prove that at the time of the execution of the notes C. O. E. Matthern, maker of the notes, was confidential clerk of appellant; that appellant was indebted to the firm of Greenly Bros. in the sum of $500; that he had made arrangements with Greenly Bros. to execute to said firm his two notes for the sum of $250 each, payable in sixty and ninety days from their dates respectively; that appellant directed Matthern to prepare said notes to the order of Greenly Bros., said notes to be executed by Matthern as maker, Matthern being then indebted to said Kirchoff; that Matthern, instead of preparing the notes to the order of Greenly Bros., fraudulently and without the knowledge of appellant inserted the name of appellee therein as payee, and presented the notes for indorsement by appellant at the office of appellant in the evening, just as appellant was leaving his office; that it was then twilight and appellant could not see to read the notes and Matthern then and there informed Kirchoff that the notes were the notes to be given to Greenly Bros., and that appellant, relying upon the said representations of Matthern, put his signature upon the back of the notes, supposing the notes to be drawn to the order of Greenly Bros.;

that appellant was not acquainted with appellee and had no dealings with him, owed him no money and never agreed to guarantee the payment of the notes, or either of them; that appellant did not read the notes when he put his signature on the back of them, because it was too dark to conveniently read them and because he relied on the statement of Matthern that they were the notes that Kirchoff had directed Matthern to draw to the order of Greenly Bros.

The court excluded said evidence in one of the cases and in the other directed the jury to find for the plaintiff, to which rulings the defendant excepted. Verdict was found for plaintiff in each case; motion for a new trial by defendant overruled and exception. Judgment for plaintiff and defendant appeals.

Messrs. Jesse Cox and Wm. M. Stanley, for appellant.

Under the law in this State, where the name of a party, not the payee, is found written on the back of a note, it will be presumed, in the absence of explanatory evidence, that he placed it there at the time of making the note, and that he indorsed it as guarantor. But this presumption may be rebutted by parol evidence; the character of the liability assumed may be explained, and the legal presumption rebutted. Boynton v. Pierce, 79 Ill. 145; Eberhardt v. Page, 89 Ill. 550.

And this may be done under the general issue. Eberhardt v. Page, 89 Ill. 550; Boynton v. Pierce, 79 Ill. 145.

This rule is well founded on the principle that the mere writing of the name of the payee upon the back of a note makes not a written, but a verbal contract. Seymour v. Mickey, 15 Ohio St. 515; Burrows v. Lane, 5 Vt. 161; Riley v. Gerrish, 9 Cush. 107.

In the latter case the court said: "Such signature presents a latent ambiguity. A blank name means nothing of itself. There must be evidence *aliunde* to show what was the object and purpose of the indorser in thus writing his name in blank, and delivering it to another to give it effect." Riley v. Gerrish, 9 Cush. 107.

It is well settled in this State that fraud in the execution of an instrument renders it void, even in the hands of an assignee

for value and without notice.    Glazier v. Streamer, 57 Ill. 91;
Taylor v. Atchison, 54 Ill. 196; Anten v. Gruner, 90 Ill. 300;
Munson v. Nichols, 62 Ill. 115.

The evidence offered on the trial of these cases at bar
clearly showed such a fraud in obtaining the execution of the
instruments as renders them void.    Appellant was induced to
sign his name upon the back of the notes upon the represen-
tation by Matthern that they were notes payable to Greenly
Bros.    It was so dark at the time Kirchoff signed his
name that he could not see to read the notes, and relied en-
tirely on Matthern's statement that they were notes payable
to Greenly Bros., to whom appellant was indebted, and to
whom he had agreed to give these notes.    This was clearly
such a case as comes within the authorities of this State, as
being a fraud in the execution of such notes.    Munson v.
Nichols, 62 Ill. 111; Richardson v. Schirtz, 59 Ill. 313.

But whether or not the appellant was entitled to show, as
against the payee of the notes, that his signature on these
notes was obtained by fraud and circumvention, if in fact the
payee was an innocent holder of the notes for value, yet it is
certainly true that the appellant, having shown that these
notes with his signature on the back were, as to him, fraud-
ulently issued, the burden of proof was upon the appellee to
show that he took the notes in the usual course of business
and for value.    Wright v. Brosseau, 73 Ill. 381; Byles on
Bills, star p. 91; Id., star p. 94, note 1; 1 Daniel on Negoti-
able Instruments, 3d Ed., p. 169, Sec. 166.

Messrs. Sidney C. Eastman and Geo. E. Swartz, for
appellee.

The authorities cited by appellant in support of his position
are none of them cases in which an innocent payee brings suit
against a guarantor, but are cases in which an assignee of a
payee who practiced fraud on the maker in the execution of
the note, brings an action against the maker.    And in all of
them the crucial test is whether the maker exercised due dili-
gence, and whether he was guilty of negligence in signing
the notes.    See also in this connection, Anderson v. Warne,

71 Ill. 20; Leach v. Nichols, 55 Ill. 273; Harvey v. Smith, 55 Ill. 224; Mead v. Munson, 60 Ill. 49; Swannell v. Watson, 71 Ill. 456; Holmes v. Hale, 71 Ill. 552; Putnam v. Sullivan, 4 Mass. 45; Kellog v. Curtis, 65 Me. 59.

These are suits between the payee of a note and a guarantor on the note, the guarantor alleging fraud on the part of the maker. It is not a suit by an indorsee against the maker of the note and the maker defending by alleging fraud, or knowledge of fraud, on the part of the payee. This we think is a vital difference, and of such a nature as not to bring these cases under the exception to the general rule, that the burden of proof of want of consideration is on the one pleading it. In the cases cited by appellant, and in the cases supporting the rules laid down in the text-books, referred to by him, it will be observed that it is the indorsee of the one against whom the fraud is charged, who is made an exception to the general rule, and is required to prove consideration.

GARNETT, P. J. In excluding the evidence offered by defendant in one of the cases and in directing the jury to find for the plaintiff in the other, the court seems to have proceeded on the theory that the defendant was not only required to show fraudulent representation at the time he placed his name on the notes or want of consideration, but that he should also have proven that the plaintiff had notice thereof. The innocent maker of a note certainly might show the facts offered in evidence. in defense against an action by an indorsee, and in such a case the burden of proof would shift, and the indorsee would be obliged to prove that he was a *bona fide* purchaser for value before maturity. Sperry v. Spaulding, 45 Cal. 544; Hall v. Featherstone, 3 Hurl. & N. 284; Bailey v. Bidwell, 13 M. & W. 73; Wright v. Brosseau, 73 Ill. 381; Harvey v. Towers, 6 Exch. 656; 1 Dan. on Neg. Inst., Sec. 369; Smith v. Braine, 71 E. C. L. 244.

The indorser of a note having proved that the note was put into circulation by the maker fraudulently and without his knowledge, the holder must prove he is a holder in good faith and for value. Holme v. Karsper, 5 Binney, 469.

"If the defendant show that there was fraud or illegality in the origin of the bill or note, a new coloring is imparted to the transaction.    The plaintiff, if he has become innocently the holder of the paper, is not permitted to suffer; but as the knowledge of the manner in which it came into his hands must rest in his bosom, and the means of showing it must be much easier to him than to the defendant, he is required to give proof that he became possessed of it for a sufficient consideration.    If he is innocent, the burden must generally be a light one; and if guilty, it is but a proper shield to one who would be, but for its protection, his victim."    1 Dan. on Neg. Inst., Sec. 166.

No satisfactory reason can be given why the alleged guarantor in these cases should have such a burden imposed upon him, when the innocent maker of a note would not be likewise embarrassed, if sued by an indorsee.

The difference between the maker as defendant, and the guarantor as defendant, is that the former would have to plead want of consideration specially, while the latter might prove that defense under the general issue.    Klein v. Currier, 14 Ill. 237.

The action of the court in excluding the evidence in the one case, and in directing the jury to find for the plaintiff in the other, was erroneous.

The judgment in each case is reversed and the cause remanded.

*Reversed and remanded.*