# CASES

# APPELLATE COURTS OF ILLINOIS

## FIRST DISTRICT—OCTOBER TERM, 1893.

## William W. Charles v. Charles F. Remick.

1. PROMISSORY NOTE—*Forged Signatures—Recovery by Estoppel.*—The signing of the partnership name by a person after he has ceased to be a member of the firm and has no authority to make use of such name for any purpose is a forgery, and in an action brought upon such note no recovery can be had except by virtue of an estoppel.

2. SAME—*Bona Fide Indorsee Before Maturity.*—An indorsee of negotiable paper is presumed to have taken the same *bona fide* for full value, and in the usual course of business, before maturity, and no proof is required in the first instance.

3. SAME—*Bona Fide Holder—Fraud—Exception to the Rule.*—If there is fraud or illegality in the origin of a bill or note the knowledge of an innocent holder, of the manner in which it came to his hands, must rest in his bosom, and his means of showing it be much easier than to the drawer or maker; he is, therefore, required to show that he became possessed of it for a sufficient consideration.

**Memorandum.**—Assumpsit on a promissory note. Error to the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed March 13, 1894.

### STATEMENT OF THE CASE.

On the 18th day of February, 1890, one James C. Goldthwaite executed and delivered to the Chicago Trust and Savings Bank, a promissory note for $2,500, signing the

(116)

firm name of Ward, Goldthwaite & Co. to said note, and also his own name. This note was made payable to James C. Goldthwaite, and was by him indorsed. Upon the back of this note was indorsed in pencil: " Sold the within described note to W. W. Charles, for $250, $2,250 due."

This note was discounted by the Chicago Trust and Savings Bank, and the proceeds paid to the said James C. Goldthwaite. At the same time the said James C. Goldthwaite executed and delivered to the said bank a promissory note for $3,000, in words and figures as follows, to wit :

" $3,000.                                 Chicago, Feb'y 18, 1890.

Sixty days after date, we promise to pay to the order of James C. Goldthwaite, three thousand dollars, at Union Trust Bank, Chicago, Ill. Value received; with six per cent interest from date.

                                Ward, Goldthwaite & Co."

Which note was also indorsed by James C. Goldthwaite.

This note was executed and delivered as collateral security for payment of the first note above named.

The firm of Ward, Goldthwaite & Co. formerly consisted of the said James C. Goldthwaite, Charles F. Remick and William H. Ward. June 10, 1889, there was a dissolution of the firm, James C. Goldthwaite retiring therefrom, but no public notice of such dissolution was given, and the business was carried on in the name of Ward, Goldthwaite & Co., as if no change had been made in the firm. This business was so continued until the 28th day of February, 1890.

D. H. Tolman, president of the Chicago Trust and Savings Bank, who transacted the business with James C. Goldthwaite, testified that he had previously discounted the notes of Ward, Goldthwaite & Co., for the said James C. Goldthwaite, which notes were paid when due.

Tolman further testified that he had no notice that James C. Goldthwaite had withdrawn from the firm.

Tolman, as president of the bank, under an authority set out in the $2,500 note, sold the $3,000 note to the plaintiff, W. W. Charles, and the assignee, Charles, brought suit against James C. Goldthwaite, Charles F. Remick and William H.

Ward to recover upon this note. Service was had only on Charles F. Remick, who filed three pleas, to wit:

1st. The general issue.

2d. Plea denying the execution of the note sued on, verified.

3d. Plea denying joint liability, verified.

The cause, by agreement, was tried by the court without a jury, and the court found the issues for the defendant and entered judgment against the plaintiff for costs, from which judgment plaintiff appeals to this court.

The errors assigned are, the court erred in overruling motion for new trial, and in rendering judgment for defendants.

BRIEF OF PLAINTIFF IN ERROR, JOHN G. HENDERSON, ATTORNEY.

A promissory note made payable to the order of the maker and by him indorsed, passes from hand to hand without any other indorsement, and the last holder may bring suit upon the same and recover without filling up the blank indorsement, the law being that "a change from a blank to an indorsement in full is not usually made, and as it is a mere matter of form, it is not required to be done, and the note with the blank indorsement is admissible in evidence in support of the allegation that it was indorsed to the plaintiff by the payee. Poorman v. Mills & Co., 35 Cal. 120, 121; Moore v. Pendleton, 16 Ind. 483; Sterling v. Bender, 44 Am. Dec. 539; Abat v. Rion, 13 Am. Dec. 313; Bean v. Briggs, 63 Am. Dec. 464; Scammon v. Adams, 11 Ill. 576; Palmer v. Marshall, 60 Ill. 289; Laflin v. Sherman, 28 Ill. 391; McDonald v. Bailey, 14 Me. 101.

When a note is made payable by a firm to one of its members he can not sue the firm on it but if he assigns it, his assignee can. Young v. Chew, 9 Mo. App. 389; Hapgood v. Watson, 65 Me. 512, 513; Davis v. Briggs, 39 Me. 304–307; Thayer v. Buffam et al., 11 Met. 399; Walker et al. v. Wait et al., 50 Vt. 676, 677; Pitcher v. Barrows, 17 Pick. 363; Daniel's Neg. Inst., Vol. 1, Sec. 354, p. 302; Heywood v. Wingate, 14 N. H. 77, 78; Smith v. Lusher,

5 Cow. 711; Randolph, Com. Paper, Vol. 1, Sec. 404; Gammon v. Huse, 9 App. 562, 563; 100 Ill. 234; Kipp v. McChesney, 66 Ill. 460; Bates on Part., Secs. 883, 884.

### Brief of Defendant in Error, Barnum, Humphrey & Barnum, Attorneys.

When the signing of the firm name by one partner in any transaction, after the partnership is dissolved, is done outside the ordinary course of the firm business, notice of the dissolution is not necessary to the obligee and the contract will be void.   Spruck v. Leonard, 7 Brad. 182; Hicks v. Russell, 72 Ill. 230.

The law implies authority of one partner to execute notes, or other commercial paper, only where, from the nature of the partnership, the authority is necessary to the successful carrying on of the business engaged in, or when its exercise is according to usage and custom in partnership enterprises of a like character.   Bradley v. Linn, 19 Brad. 322, citing Daniel on Neg. Inst., Sec. 358; and Chitty on Bills, 58.

To render a retiring partner liable on transactions occurring after dissolution because of want of notice thereof, the customer must have been either a regular or recent customer.   Block v. Price, 24 Mo. App. 14.

Who is a former dealer and who is not?   See 17 Am. and Eng. Enc. 1124, 1125 and 1126.

One who sells to a firm for cash only is not a dealer within the rule.   Clapp v. Rogers, 12 N. Y. 283; Merritt v. Williams, 17 Kan. 287.

Nor is one who merely dealt in paper for which the firm was responsible, not procured from it or at its request. Vernon v. Manhattan Co., 22 Wend. 183; City Bank v. McChessney, 20 N. Y. 240; Hutchins v. Bank of Tenn., 8 Humphrey (Tenn.), 418.

And such former dealing must have been within the scope of the agency of the partner with whom it was had in order to confer any rights upon either party.   Nussbaumer v. Becker, 87 Ill. 282.

In some cases it has been held that although the holder

did not have actual notice, but by the exercise of proper diligence would have had notice, or where the facts would have put him on inquiry but for his culpable negligence, he can not claim to be a *bona fide* buyer. 1 Bates on Partnership, Sec. 354; New York Fireman's Ins. Co. v. Bennett, 5 Conn. 574; 13 Am. Dec. 109; Cotton v. Evans, 1 Dev. & Bat. Eq. 284; Roth v. Colvin, 32 Vermont, 125; Royal Canadian Bank v. Wilson, 24 Up. Canada, C. P. 362.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Upon the trial of this cause in the Circuit Court, propositions of law were submitted to the court; its holding in respect to these is not complained of; the only insistance of the plaintiff is that the finding of the court was contrary to the evidence.

It appears without dispute that when James C. Goldthwaite signed the name Ward, Goldthwaite & Co. to the note upon which this suit is brought, he had ceased to be a member of that firm, and had no authority to make use of its name for any purpose. The signing by him of that name was a forgery. This action is brought upon a forged signature, and, if a recovery can be had, it is by virtue of an estoppel.

The case is different from what it would be if Remick had, after the withdrawal of Goldthwaite, signed the firm name to a note, and an attempt had been made to hold Goldthwaite thereon. In such case, the business being still carried on by Ward & Remick in the name of the old firm, such signature would not have been a forgery; the question would have been simply whether Goldthwaite was bound by a genuine signature.

In the present case the question is, is the defendant bound by a forged signature of his firm name?

As to all questions of fact presented by the pleadings, the finding of the court is against the plaintiff; this court is called to review the evidence and say, not whether it sustains the finding, but whether it is so inconsistent there-

Charles v. Remick.

with that the conclusion reached by the court below must be overturned; and, in so doing, we must presume that the finding of the Circuit Court upon all disputed matters was such as would tend to sustain its conclusion upon the entire case.

The firm had never had any dealings with Tolman or his bank. Goldthwaite had repeatedly, as in this instance, given for his private purpose the firm note to Tolman, but this was done without the knowledge of Ward or Remick, and was fraudulent as to them.

Under these circumstances that Tolman, who saw Goldthwaite sign the note and gave him a check therefor, had, from the circumstances attending its making, notice that the firm name was being used, not for its benefit, but the private benefit of James C. Goldthwaite, is a conclusion which the evidence sustains.

Neither Tolman nor his bank could have recovered in this case. Can the assignee, Charles?

While it is the case that an indorsee of negotiable paper is presumed to have taken the same *bona fide* for full value, and in the usual course of business, before maturity, and no proof is, in the first instance, required of these things, yet to this general rule there are exceptions.

As: "If the defendant shows that there was fraud or illegality in the origin of the bill or note, a new coloring is imparted to the transaction. The plaintiff, if he has become innocently the holder of the paper, is not permitted to suffer; but as the knowledge of the manner in which it came into his hands must rest in his bosom, and the means of showing it must be much easier to him than to the defendant, he is required to give proof that he became possessed of it for a sufficient consideration. If he is innocent, the burden must generally be a light one; and if guilty, it is but a proper shield to one who would be, but for its protection, his victim." Daniel on Negotiable Instruments, Vol. 1, p. 142 and 662; Kirchoof v. Goezlin, 30 Ill. App. 190; Wright v. Brosseau, 73 Ill. 381; Parsons on Notes and Bills, 128–211.

In the present case it does not appear that the plaintiff paid anything for the note in suit.

Tainted with fraud as it was in its inception, an indorsee or assignee can not recover thereon without proving that he gave a valuable consideration therefor.

There was no evidence as to when or by whom the lead pencil memorandum on the note for $2,500 was made, or that it was true; it can not therefore be considered.

The judgment of the Circuit Court will be affirmed.