## Hide and Leather National Bank v. Josephine P. Alexander.

1. PROMISSORY NOTES—*Unlawful Sale of, by an Agent—Burden of Proof.*—Where a person purchased a promissory note from an agent who had wrongfully converted the same to his own use, the burden is upon him to show, in a suit against him by the lawful owner, that he acquired it without notice that the agent had no authority to dispose of the note or that the plaintiff was the owner.

2. FRAUD—*Where One of Two Innocent Parties Must Suffer.*—Where one of two innocent parties must suffer a loss by the fraudulent acts of a third person, the loss must fall upon the one who has been the most instrumental in enabling such third person to perpetrate the fraud.

Trover, for promissory note. Trial in the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Finding and judgment for plaintiff. Appeal by defendant. Heard in this court at the October term, 1898. Affirmed. Opinion filed May 8, 1899.

Statement of the Case.—Appellee purchased the note in question in this case of $10,000, made by one Schmid, dated June 15, 1892, payable to his order five years after its date, bearing interest at six per cent per annum, indorsed in blank by him, and secured by trust deed to Theodore H. Schintz, the principal and interest being payable at his office, paying therefor $10,000. From June 15, 1892, until in June, 1897, but on what day of the month does not appear, appellee kept the note and trust deed in her pos-

session, when she took and delivered them to Schintz to have them renewed; that is, for Schintz to get another note and trust deed in place from Schmid. She did not authorize him to sell, pledge or otherwise dispose of the note.

Instead of getting the note renewed and returning it to appellee, Schintz procured an extension agreement of the same, to be executed by Schmid and wife, bearing date June 15, 1897, for three years from that time, subject to the payment of interest at six per cent per annum, as evidenced by six interest notes of $300. Each of these interest notes was made by Schmid, payable to his own order at the office of Schintz, and indorsed in blank by Schmid.

On June 15, 1897, or within two, three or four days thereafter, Schintz took the original note of $10,000 with the extension agreement attached thereto by brass eyelets and the interest notes to the appellant bank and substituted them for other collaterals belonging to him and held by the bank as security for his indebtedness to the bank of $25,000. The vice-president of the bank, who did the business in person, testified that the notes were taken from Schintz in the ordinary course of business and full value paid therefor. There is no evidence that the appellant did not know that Schintz was merely appellee's agent and not the owner of the notes and not authorized to hypothecate them. After appellee discovered Schintz's fraud in hypothecating the notes she made demand for their return by the bank, which was refused, and she then brought this suit in trover for a conversion of the original note. A trial before the court without a jury resulted in a finding and judgment for appellee of $10,480, from which this appeal is taken.

GEORGE N. STONE, attorney for appellant.

Possession is *prima facie* evidence of property in negotiable paper, payable to bearer or indorsed in blank; and such *bona fide* holder can recover, though it came to him from a person who had stolen it from the true owner, provided he took it innocently in the course of trade, for a

valuable consideration, and under circumstances of due caution; and he need not account for it unless suspicion be raised. Bush v. Peckard, 3 Harr. (Del.) 388.

Between the original parties, the consideration may always be gone into   The rule equally applies when the indorsee took the paper with knowledge or notice of the illegal consideration, or the want or failure of consideration, or any circumstance which would have avoided the note in the hands of the indorsee; or when not taken in the course of trade, or after it was due, or under circumstances which ought to have led to an inquiry. Chitty App. 798.

Negotiable paper can be assigned or transferred by an agent or any other person fraudulently, so as to bind the true owner as against the holder, if taken in the usual course of trade, and for a fair and valuable consideration, without notice of the fraud. Bay v. Coddington, 5 Johns. Ch. 56; 3 Kent's Com. 81.

The maker or indorser who places it (note) in the hands of another for the purpose of being used in a particular way or for a special object, takes the risk of its being used in a different way, and can not refuse to pay it to any *bona fide* holder into whose hands it may come. Fering v. Clark, 16 Gray (Mass.), 74.

That a party taking from the agent of a payee a note indorsed in blank before maturity, in good faith, as a collateral security, for the debt of a third person, is not affected by fraud of agent in disposing of same. Paulette v. Brown, 40 Mo. 52; see also Gillham v. State Bank, 2 Scam. 246; Depuy v. Schuyler, 45 Ill. 306; Woodworth v. Huntoon, 40 Ill. 131; Farber v. National Forge & Iron Co., 50 Ill. App. 503; McHenry v. Ridgely, 2 Scam. 309; Curtiss v. Martin, 20 Ill. 557.

Lackner, Butz & Miller, attorneys for appellee.

When it has been shown that a negotiable instrument was stolen from or lost by the true owner, tainted in its inception with illegality or fraud, obtained from the maker by fraud or duress, or put into circulation fraudulently, the

presumptions in favor of the holder's title are overcome and it devolves upon him to show that he is a *bona fide* holder for value; that is, he must show that he or some prior holder took the paper in good faith, for value, without notice, before maturity, and in the usual course of business. Am. & Eng. Enc. of Law, Vol. 4, page 321 (2d. Ed.); Hodson v. Eugene Glass Co., 156 Ill. 397; Charles v. Remick, 156 Ill. 327; Berry v. Alderman, 14 C. B. 95.

Mr. Presiding Justice Windes delivered the opinion of the court.

The question presented for decision is, which of the two, appellant or appellee, both claiming to be innocent persons and without fault, respectively, shall be the sufferer for Schintz's fraud.   Neither is a party to the note.

Appellant claims to be an innocent purchaser before maturity, in the ordinary course of business, for value, from a person in the manual possession of the note, and, as far as appeared by the note itself, the actual owner thereof, and cites many authorities in support of its contention.   This might avail appellant were it not for the fact that it is uncontroverted that Schintz had no authority whatever to sell, pledge, or otherwise dispose of the note.   He took it for a specific purpose to procure its renewal, had no title whatever, and its hypothecation with appellant was wholly without authority from appellee, and fraudulent.   This being the situation, the burden was on appellant to show it had no notice that Schintz was only the agent of appellee, and without authority to dispose of the note, and that she was the owner of the note.   Appellant failed to make this proof, and its contention in this respect must fall.   Appellant's authorities are not applicable.   4 Am. & Eng. Ency. of Law (2d Ed.), 321, and cases cited; Hudson v. Eugene Glass Co., 156 Ill. 397; Charles v. Remick, Id. 327; Wright v. Brosseau, 73 Ill. 381, and cases cited.

This being so, it becomes unimportant to discuss the question argued by counsel, as to whether, the original note being received by the bank on the 15th day of June, 1897,

or two, three or four days thereafter, it was not matured paper if received on the day of its maturity, or if it was received thereafter, the extension agreement had the effect of making it unmatured paper.

This state of the proof also makes it unnecessary to consider appellant's contention that appellee is estopped by her carelessness in putting the note in Schintz's hands without filling out the blank indorsement.

The judgment is therefore affirmed.