## Frederick S. McClory, Appellee, v. Sara Johnston Towne, Appellant.

### Gen. No. 17,048.

1. PLEADING—*affidavit of merits.* It is error to strike an affidavit of merits from the files in an action on a note where the declaration alleges that defendant, the maker of the note, endorsed it and delivered it to plaintiff, and the affidavit states that defendant is in no way indebted to plaintiff and has had no business dealings with him, and did not deliver nor authorize the delivery of the note sued on as alleged, and that no demand was made, and that she never received consideration therefor, but the note was stolen from her husband.

2. NEGOTIABLE INSTRUMENTS—*when plaintiff must show that he is holder for value.* If it is alleged that a note sued on was stolen from the husband of the maker and endorser, the plaintiff must show that he is a holder for value.

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed October 3, 1912. Rehearing denied October 17, 1912.

LORENZ & REED, for appellant.

A. W. MARTIN and EDWARD H. S. MARTIN, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

The plaintiff, Frederick S. McClory, brought suit against the defendant, Sara Johnston Towne, declaring upon a promissory note. Pleas and affidavit of merits were filed, which affidavit was stricken from the files, and leave given to file an amended affidavit of merits. This was done, but the trial court held it to be insufficient and struck it from the files, then struck the pleas from the files for want of an affidavit of merits, and rendered judgment against the defendant for want of a plea.

Motions and points were made by both parties, which we do not comment upon for the reason that in our judgment the affidavit of merits of February 28, 1910, was sufficient, and the cause must be reversed on account of error in striking the same from the files. The declaration was the common counts and a special count. By the special count it was, among other things, alleged that the defendant, who was the maker of the note, endorsed it ''and then and there delivered the said note, so endorsed, as aforesaid, to said plaintiff.'' The amended affidavit stricken from the files is substantially as follows:

''Sara Johnston Towne makes affidavit that she is defendant in said cause; that she verily believes that she has a good defense to said suit upon the merits to the whole of plaintiff's demand; that she is in no way indebted to the plaintiff, either directly or indirectly; never had any relations, dealings or business transactions of any name, nature or character whatsoever with plaintiff or with any of his agents, either personally or by agent; she never delivered or authorized delivery of said note sued upon as alleged by the plaintiff; never had any accounting with the plaintiff, nor was any demand made therefor by the plaintiff; that she never received any consideration for the note sued upon, but that it was delivered into the custody of her husband, who deposited the same in his safety deposit box of the Columbus Safe Deposit Company's vaults in Chicago, and was never delivered by him to any one for any consideration, and the said note sued upon herein was taken from said vault by one Manie B. Ayers, who had access to said vaults, and at times kept some of her papers in said safety deposit box, or that said note was secreted from said safety deposit box by some one who removed Manie B. Ayers' papers therefrom; that the plaintiff herein received and obtained possession of the said note without having paid any consideration therefor, and subsequent to the maturity thereof.''

This affidavit is a direct denial of the allegation in plaintiff's declaration that the defendant ''delivered

the said note, so endorsed, as aforesaid, to said plaintiff." It is also an averment that the note was stolen or unlawfully taken from the possession of her husband. If this is a fact it is for the plaintiff to show that he was a holder for value.

"The general rule is, that the holder of a note is presumed to be, *prima facie*, a holder for value. (Story on Notes, 4th Ed. Sec. 196.) But where the maker of the note shows, that it was obtained from him by fraud, the burden of proof is shifted from him to the holder, and the latter must show that he acquired it in good faith for value in the usual course of business, and in such a way as not to create a presumption of knowledge of its invalidity. (Daniel on Neg. Ins., 4th Ed., Sec. 815; Story on Notes, 196.)" Hodson v. Eugene Glass Co., 156 Ill. 397, 404; Wright v. Brosseau, 73 Ill. 381.

Defendant was entitled to a trial upon the merits, and for the error in striking the affidavit from the files the judgment is reversed and the cause remanded.

*Reversed and remanded.*