MARSTON HEFNER

*v.*

JOSEPH PALMER.

1. EXECUTION OF NOTE—*evidence of authority to sign.* In an action upon a promissory note purporting to be signed by two, the defendant, who was alone served with process, denied its execution by him, under oath, the evidence being very conflicting as to whether he signed the same, or gave his co-defendant authority to sign his name, and the court, on behalf of the plaintiff, instructed the jury that if they believed the defendant signed the note or authorized the signature, or held himself out to the community as being interested in the purchase of horses, for which the note was given, by the other maker, they should find for the plaintiff: *Held*, that the latter part of the instruction was erroneous, as the only interest that would make him liable on the note not signed by him or by his authority, would be that of a partner.

2. PARTNERSHIP—*mere interest in purchase does not make one a partner.* The mere fact that a defendant is interested in the purchase of horses by another, will not, of itself, make him liable as a partner to one dealing with such other person.

3. SAME—*liable as partner by estoppel.* Where it is sought to make a defendant liable as a partner of a third person to a creditor, on the ground

11—67TH ILL.

that he held himself out as a partner, when in fact he was not interested as such, it is necessary to prove that the plaintiff gave the credit with a knowledge that the defendant had so held himself out. This knowledge may be inferred from slight evidence.

4. AGENCY—*evidence of authority to execute note.* The fact that two persons had money in bank standing to the credit of one of them, and that each had authority to check in the other's name on such money, does not give either any authority to sign the other's name to a promissory note; nor does the fact that the person whose name is so signed, had several times before signed notes for the other as security.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an action by Joseph Palmer against Warren Coman and Marston Hefner, upon a promissory note purporting to be signed by both the defendants. Service was had upon Hefner alone. He denied the execution of the note under oath.

It appeared that Coman was engaged in purchasing horses, and that he delivered the note to the plaintiff in part payment for horses bought. There was also some evidence showing that Hefner was interested in the purchase of horses, but the nature of that interest does not clearly appear. They had money in bank for that purpose, and Coman frequently drew checks upon it in Hefner's name, and the latter settled with the bank for them. The plaintiff recovered upon the note, and the defendant, Hefner, appealed.

Messrs. WILLIAMS & BURR, for the appellant.

Messrs. WELDON & BENJAMIN, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was a suit on a promissory note purporting to be signed by Warren Coman and Marston Hefner. Coman was not served. Hefner denied under oath the execution of the note. The only question was, whether he had signed the note

himself or had given Coman authority to sign his name. The evidence was very conflicting. The court gave for the plaintiff the following instruction:

"The court further instructs the jury, that in determining the issues in this case, they are to take into consideration all the evidence introduced, and if, on consideration of the evidence, the jury believe that Hefner signed the note in evidence, or authorized the signature, or held himself out to the community as being interested in the Coman purchase of horses, then the jury will find the issues for the plaintiff."

The latter part of this instruction is erroneous. The defendant may have been interested in Coman's purchases of horses without having been interested in such a way as to authorize Coman to buy horses on his credit, and sign his name to a note. To do this it would have been necessary that he should have been interested as a partner. He might, for example, have furnished Coman the money for making purchases on such terms as would not have made him liable for purchases made by Coman upon credit, though he might be interested in the results of the purchase as bearing upon the compensation he was to receive for the use of his money. Only such an interest as would make him a partner, would make him liable on notes given by Coman in their joint names and without his authority. It follows, that if he is to be made liable in consequence of the position which he has held himself out to the community as occupying, he must have held himself out as a partner of Coman in these purchases. If he is to be made liable on this ground, when he was not in fact interested as a partner, it would also be necessary to show that the plaintiff took the notes with knowledge that the defendant had held himself out as thus interested. This knowledge, it is true, might be easily inferred if the defendant had thus held himself out "to the community," as expressed in the instruction, and we therefore do not

regard this objection to the instruction as very likely to mislead. But in view of the character of the evidence, we think the last clause of the instruction should have been more specific on both grounds.

The court refused the two following instructions for the defendant:

"Even should the jury believe, from the evidence in this case, that Coman and Hefner had money in bank standing to the credit of one of them, and that each had authority from the other to check in the other's name on such money, from that fact alone, it does not follow that Hefner gave Coman authority to sign his (Hefner's) name to promissory notes.

"Should the jury believe from the evidence that Hefner had signed several notes for Coman as security, Hefner signing his own name to such notes, this fact alone does not show authority in Coman to sign Hefner's name to other notes."

These instructions are clearly the law, and we think the evidence had been allowed to take so wide a range that they ought to have been given.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*