## William Mellor et al. v. Wm. Carithers et al.

1. EVIDENCE—*Declaration of an Agent.*—It is never admissible to show an agency by the declarations of the supposed agent. When the agency is not in dispute the declaration of an agent in regard to a transaction then pending *et dum fervet opus* will bind the principal. This is because it is a verbal act and a part of the *res gestæ*.

**Memorandum.**—Assumpsit. Appeal from the Circuit Court of Fulton County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed November 27, 1893.

The statement of facts is contained in the opinion of the court.

*Plaintiff's sixth instruction, assigned for error:*
If you believe from a preponderance of the evidence in this case, that prior to the time of the giving of the certificate of deposit introduced in evidence in this case—if you find from the evidence that the same was given to the plaintiffs by the firm of J. Mershon & Co.—the defendants, William Mellor, Martin Lawyer, E. K. Leighty, Edward Hamer, Samuel Schroder, Samuel Chipman and John Kost, knowingly so conducted themselves in connection with the business carried on at Vermont, Ill., in the firm name of J. Mershon & Co., as to reasonably justify the public and persons generally dealing with said firm, in supposing and believing that they were members of said firm, and that the plaintiffs, at and before the receiving of said certificate of deposit, had been informed that defendants were interested as partners in said firm of J. Mershon & Co., and at the time they took and received such certificate of deposit they (the plaintiffs) reasonably supposed and believed that said defendants were partners in said firm and acted on that supposition, then the said defendants would be liable on said certificate whether they were in fact such partners or not.

J. A. McKenzie and Kinsey Thomas, attorneys for appellants.

Gray & Waggoner, attorneys for appellees.

Mr. Justice Wall delivered the opinion of the Court.

This is an appeal from a judgment in favor of appellees against appellants and several other parties as members of the banking firm of J. Mershon & Co. upon a certificate of deposit and a draft which was dishonored. The appealing defendants denied that they were members of said firm at the time the liabilities were incurred, and the principal question in the case was whether they had so held themselves out as that they were estopped to deny the partnership with respect to the plaintiffs' demand. As to the draft it is conceded that the appellants are liable, but they insisted below and now insist that at the time the certificate of deposit was issued they were in no wise responsible for the transactions of J. Mershon & Co.

For a number of years a banking business had been conducted by several of the heirs of Jacob Mershon, deceased, under the style of J. Mershon & Co., at Vermont, in Fulton county. For reasons not specially stated, it was deemed best to strengthen the firm by the admission of a number of additional partners, and a paper was drawn up for that purpose. The paper bore date April 28, 1892, but was not then signed by all the parties, and not by some of them until the 6th of June, when the parties all met and the new firm was in fact organized. This paper, which was in effect an agreement to form a partnership wherein each partner was to put in a specified amount of capital, was quite lengthy in its provisions and need not be set out at this time. As we understand it is not seriously contended as a matter of law that as between the contracting parties a partnership actually existed on the 6th of May, when the certificate of deposit was issued, but that the parties had so conducted themselves that they should not be permitted to deny the partnership. As to one of the appellants, Samuel Chipman, the case seems to us quite unsatisfactory.

While his name was not finally signed to the articles of partnership until the 6th or 7th of June, yet it was generally understood that he was to be one of the new firm. He was apparently undecided whether to go in or not, and on the 29th of April he distinctly told the plaintiff that he had not signed and did not intend to do so. Yet a circular had then been issued announcing the new firm with his name as one of the members. He denies that he authorized this publication.

We shall not state even in a general way the evidence pertaining to the question whether Chipman and the other appellants are affected by the rule of estoppel.

As between Chipman and the plaintiff it was to say the least a very close question whether he ought to be regarded as a partner at the time the certificate of deposit was issued. The plaintiff, notwithstanding Chipman's disclaimer on the 29th of April, made the deposit on the 6th of May.

Against the objection of defendants the court permitted plaintiff to testify to what Durell, the cashier, said at that time, which was in effect that he understood Chipman and several others named were partners. This ruling is assigned as error.

It is defended on the ground that Durell was then the agent of defendants, and that what he said in the transaction of the business of receiving the money and issuing the certificate was a part of the *res gestœ*, and as such admissible.

The fallacy here is in assuming that he was the agent of defendants. He was not, unless they were then members of the firm. But Chipman, at least, was not a member of the firm at that time, and the only ground upon which he can be held is, that he is estopped to deny it.

This declaration of Durell was offered for the very purpose of establishing the point in dispute, that is, as to the partnership.

It is never admissible to show an agency by the declarations of the supposed agent, and in effect that was what was done here.

Mellor v. Carithers.

The argument of appellee begs the question. When the agency is not in dispute, the declaration of an agent in regard to a transaction then depending, *et dum fervet opus*, will bind the principal. This because it is a verbal act and so part of the *res gestæ*.

It would be a perversion of the rule to admit such declaration when the important question before the jury involved the agency of the declarant, and here we are bound to say, as a matter of law, upon the undisputed facts, that he was not an agent of Chipman, for the reason that at that time Chipman was not a member of the firm.

The same observation may be made as to the other defendants who had not then signed the articles of copartnership.

It is not necessary to determine, whether, as between themselves, any of the signers were bound until all had signed. For the present purpose, that question need not now be discussed. We think it was error of a substantial character to admit this declaration of Durell.

The sixth instruction for plaintiff was erroneous, as we think, because, by the concluding and effective part of it, the jury were advised, that if plaintiff was *informed* that defendants were partners, and reasonably supposed, and believed, that the defendants were partners, then they would be liable. The first clause of the instruction was predicated upon alleged acts of defendants in holding themselves out as partners, but as though by design, the concluding portion was not made to depend upon such acts of defendants, but upon information received by plaintiff, not necessarily based upon or referring to such acts. When this instruction, as thus drawn, was considered in connection with the evidence of Durell's declaration, it is quite probable the jury were misled.

Durell's declaration contained all the *information* necessary to establish liability in the light of this instruction.

For the errors indicated we feel constrained to reverse the judgment and remand the cause for another trial. Reversed and remanded.