William Mellor et al. v. J. N. and J. F. Lawyer, Administrators of the Estate of Thomas Lawyer.

1. PARTNERS—*Liability of an Incoming Member of a Firm.*—A new partner coming into an existing firm will not be liable in respect to debts contracted by the firm previous to his entering it, unless he expressly assumes them.

**Memorandum.**—Assumpsit. In the Circuit Court of McDonough County; the Hon. CHARLES J. SCOFIELD, Judge, presiding. Declaration, common counts: pleas, general issue verified; denial of partnership verified and statute of frauds; trial by jury; verdict and judgment for plaintiff; appeal by defendants. Heard in this court at the May term, 1894. Reversed and remanded. Opinion filed October 29, 1894.

*Defendant's 17th and 18th refused instructions.*

17: The jury are further instructed that if they believe from the evidence in the case, that for several years prior to April 28, 1892, the firm of J. Mershon & Co. was composed of Henry Mershon, Milton Mershon, Rhodes Mershon, Damaris Bailey and Rebecca Durell; that the debts sued for in this case are the balance of a deposit originally made with said J. Mershon & Co., about October, 1891; that said firm of J. Mershon & Co. made an assignment for the benefit of creditors and ceased to do business about June 16, 1892; that the defendants, John Kost, Edward Hamer, Martin V. Lawyer, Everet K. Leighty, Samuel Chipman, Samuel Schroder and William Mellor were never actual partners in said firm of J. Mershon & Co., and were not partners in said old firm at the time said deposit was made; then, although the jury may find that said last named parties did, on or after April 28, 1892, hold themselves out or permit or suffer themselves to be held out as partners in a new firm including all the parties named above, yet said John Kost, Edward Hamer, Martin V. Lawyer, Everet K. Leighty, Samuel Chipman, Samuel Schroder and William Mellor can not be held liable for a deposit made before such holding out unless they have in some legal manner assumed liability for such indebtedness, and the mere fact of holding out, or permitting or suffering themselves to be held out as partners after said deposit was made, would not be a legal assumption of said indebtedness.

18. Although the jury may believe from the evidence that the defendants, Kost, Schroder, Chipman, Hamer, Leighty, Lawyer and Mellor held themselves out, or permitted or suffered themselves to be held out as partners in the firm of J. Mershon & Co., on and after April 28, 1892, yet the mere fact of such holding out would not make them liable for deposits made with said J. Mershon & Co., prior to the time of such holding out.

APPELLANTS' BRIEF, WM. PRENTISS, KINSEY THOMAS AND S.
B. MONTGOMERY, ATTORNEYS.

Appellants contended that where a partnership does not actually exist and it is sought to hold persons as partners because they have held themselves out to be such, it can only be done on the principle of equitable estoppel, and before they can be held liable as partners on account of such holding out three things must concur:

First. The holding out must be by their express or implied authority.

Second. The fact of such holding out must be brought to the knowledge of the party seeking to avail himself of such holding out.

Third. Such persons must have been deceived thereby and have as reasonable men extended credit on the strength and faith of such information. Lindley on Partnership, Sec. 43 *et seq.;* Ward v. Pennel, 51 Me. 52; People v. Brown, 67 Ill. 435; Ball v. Horton, 85 Ill. 159; Central City Bank v. Walker, 66 N. Y. 424; Irvin v. Conklin, 36 Barb. (N. Y.) 64; Heffner v. Palmer, 67 Ill. 161; Thompson v. Bank, 111 U. S. 529.

The holding out, to make one liable, must be before the contract. Bates on Partnership, Sec. 91; Baird v. Planque, 1 Fos. & Fin. 344.

Incoming partners are not liable for the debts of the old firm. Lindley on Partnership (2d Ed.), 208; Bates on Partnership, Par. 507; Story on Partnership, Sec. 151–3; Collyer on Partnership, 361; Sheriff v. Wilks, 1 East 48.

To render an incoming partner liable on an old debt of the firm of which he has become a member there must be a novation of the debt or an agreement sanctioned by all the copartners, for a legal consideration, to discharge the old firm from their liability to the creditor and make the debt an obligation of the newly constituted firm. Sternberg v. Callahan, 14 Iowa 251; Story on Partnership, Sec. 152; Collyer on Partnership, Sec. 520–525; Parmelee v. Wiggenhorn, 6 Neb. 322; Lindley on Partnership (1st Ed.), 392, (2d Ed.) 208; McKinney v. Alvis, 14 Ill. 34.

If no new promise is proved, for instance, if the incoming partner was a dormant partner and joined in no act to ratify the contract, he will not be concluded by it, for neither was he a party to it originally, nor does the mere act of joining the partnership amount to a ratification. Sternberg v. Callahan, 14 Iowa 257; Collyer on Partnership, Secs. 520, 525.

Where credit is originally given to an individual, the incoming partner can not be held liable though the firm receive the benefit of the transaction. Watt v. Kirby, 15 Ill. 200; Goodenow v. Jones, 75 Ill. 48; Wright v. Brossman, 73 Ill. 381; Wittram v. Van Wormer, 44 Ill. 525.

There is no presumption that one who becomes a member of an existing firm assumes liability for previous debts or contracts of the firm. Lindley on Partnership (2d Ed.), 208; Fuller v. Row, 56 Barb. (N. Y.) 344; Kountz v. Holthouse, 95 Pa. St. 235; Sternberg v. Callahan, 14 Iowa 256; Story on Partnership, 352, 353.

The mere promise of an incoming partner to creditor to pay debts of old firm is within statute of frauds. There must be new consideration and old firm released. Bates on Partnership, Secs. 510, 647.

APPELLEES' BRIEF, SHERMAN & TUNNICLIFF AND BAILY & HOLLY, ATTORNEYS.

The agreement of the new members to pay debts of old firm would inure to the benefit of the creditors and they may sue on it. Hannigan v. Morrissey (N. Y.), 27 N. E. 402; Case v. Ellis (Ind.), 30 N. E. Rep. 907; Waterman v. Morgan, 114 Ind. 237; Ringo v. Wing (Ark.), 5 S. W. Rep. 787; McCracken v. Milhous, 7 Brad. 164; Eddy et al. v. Roberts, 17 Ill. 505; Brown v. Strait, 19 Ill. 88; Bristow et al. v. Lane, 21 Ill. 194; Thompson v. Dearborn, 107 Ill. 87; Wilson v. Bevans, 58 Ill. 232.

Neither is such an agreement within the statute of frauds; but the same is in the nature of an original undertaking and need not be in writing to make it valid. It will be regarded in the light of a contract for the benefit of a

third party, upon which such third party may found an action for a breach.    Wilson v. Bevans, 58 Ill. 232.

And no consent or knowledge of the new arrangement by the third party, who is a creditor at the time of the assumption by the succeeding firm, is necessary.    Such creditor has the right to adopt the promise made for his benefit.    Arnold v. Nichols, 64 N. Y. 117.

If a person suffer his name to be used in a business or holds himself out as a copartner, he will be so regarded, whatever may be the agreement between himself and the other partners.    Fisher et al. v. Bowles, 20 Ill. 396; Ellis, Adm'r, v. Bronson, 40 Ill. 455; Wheeler v. McEldowney, 60 Ill. 358; Poole v. Fisher, 62 Ill. 181; Fletcher v. Pullen, 16 (Md.) Atl. Rep. 887.

Incoming partner is not liable for debts of old firm except by agreement, but such agreement may be inferred from facts and circumstances which justly raise an implication of its existence.    Ringo v. Wing (Ark.), 5 S. W. Rep. 783; Peyser v. Myers, 435 N. Y. 599; Hannagan v. Morrissey (N. Y.), 27 N. E. Rep. 402.

That the agreement by incoming partner to pay debts of old firm was not such a promise to pay the debt of another as falls within the statute of frauds and need not be in writing, see Hannigan v. Morrissey (N. Y.), 27 N. E. Rep. 402; Wilson v. Bevans, 58 Ill. 232; Eddy et al. v. Roberts, 17 Ill. 505; Prather v. Vineyard, 4 Gilm. 40; Brown v. Strait, 19 Ill. 88; Bristow v. Lane, 21 Ill. 194; Borsthenious v. Canutson, 100 Ill. 82.

MR. PRESIDING JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This case grows out of the failure of the banking firm of J. Mershon & Co. referred to in the case of Mellor v. Carithers, 52 Ill. App. 86.

The appellees, administrators of Thomas Lawyer, deceased, recovered a judgment for $610.03 against the appellants and the members of that firm, on account of a balance standing to the credit of appellees as depositors when the bank sus-

pended.   The appellants alone defended the action.   The theory upon which appellees sought to bind the appellants was that by their action they had held themselves out as members of the firm and that thereby the appellees were induced to rearrange and continue their account with what they supposed was the new bank, and that the appellants should not now be permitted to deny liability.

It is claimed that the banking firm was really reorganized with the appellants as copartners.   Such was not the case.   There was no doubt an intention on the part of some or all of the appellants to take part in the proposed reorganization and become members of the new concern which would succeed to the business of J. Mershon & Co.   A preliminary subscription of stock had been executed and a notice to that effect had been published in a local newspaper.   How far this publication was authorized by, or binding upon, all of the appellants, need not be discussed at this time.   There is some testimony to the effect that the appellees, being doubtful as to the solvency of J. Mershon & Co., and having heard of the projected reorganization, made inquiry of appellant M. V. Lawyer, and were assured by him that the reorganization was accomplished in effect, and that he and the other appellants were liable for all deposits then in the bank, and in response to a suggestion that the appellees were thinking of withdrawing their deposit, he urged them not to do so.   This is denied by him, and he asserts that he merely said that when the contemplated steps were taken and the reorganization completed the new concern would be amply responsible.

The appellees claim that because of what they thus learned from appellant Lawyer they so arranged matters with their co-distributees of the estate that the latter received checks for their shares of the estate not only against this account, but also in part against an account in another bank, and that the balance remaining in the Mershon bank in the name of appellees as administrators really belonged to one of them, Joseph, as a distributee.

In the case of Wright v. Brosseau, 73 Ill. 381, it was

said that " it is the clearly established doctrine that a new partner coming into an existing firm will not be liable in respect to debts contracted by the firm previously to his entering it, unless he expressly assumes them."

It is not denied that this is the rule, but it is urged by appellees that the facts above stated are tantamount to a deposit by said Joseph as an individual. Shortly stated, their position is that if they had done no act, but simply left the money in the bank as the deceased did, then appellants' application of this rule of law might be well enough; but that if they had taken the money out and then re-deposited it in their own names (after the acts of appellants which it is assumed estop them to deny that they were partners in the bank), appellants would be liable, and that so far as extending credit to the new bank is concerned, appellees did the same as though they had so withdrawn and re-deposited the money. In other words, because of the division of the funds among the other distributees, the sum remaining in the name of appellees as administrators became Joseph's individual property; that is, they had the right to pay it to him for his personal use, and this amounts to a withdrawal and a new deposit in his name.

So they argue. But it is not contended that they had made their final report; that their distribution had been approved, and they authorized to so dispose of this balance.

Perhaps such an order might have been obtained, but it had not, and till it had, the money would belong to the estate.

There was no change in the account except to reduce it by checks which were paid as presented. The mental purpose and expectation of appellees could make no difference in the legal aspect of the situation.

We are unable to find from a careful reading of the evidence that this position now held by the appellees was occupied by them in the trial court. It is suggested that no such view was presented there, and that reliance was had upon the broad ground that appellants, by their acts, having held themselves out as partners, would be liable for

money previously deposited and allowed to remain, as well as for money subsequently deposited.

In other words, if appellees were so induced to believe appellants were partners, and for that reason suffered the money to remain, appellants would be liable. As already observed the appellees seem, by their argument, to concede that such is not the rule, and that but for acts of appellees which they assume are equivalent to a withdrawal and a new deposit, the appellants would not be liable; but they insist that in the light of such acts the court properly gave the 11th and 13th instructions asked by them, which do announce such a rule without qualification. This view of the law would render a partner (whether so in fact or only because estopped to deny partnership), liable for the debts of the old concern, though he may not have expressly assumed such debts.

That is to say: 1st, by the doctrine of estoppel, the appellants must be held to have become partners in the firm of J. Mershon & Co.; and 2d, because of a mental operation of the appellees without any act, a liability of the old concern will attach to the appellants, though they neither assumed or even knew of such liability.

We can not assent to this position, and are disposed to hold that the court erred in giving these instructions and in refusing the converse proposition contained in the 17th and 18th asked by the appellants, and that upon the facts as disclosed by this record the appellants are not liable.

The judgment will be reversed and the cause remanded.