## William Mellor et al. v. Wm. Carithers et al.

63  579
74  456

1. ESTOPPEL—*To Deny Partnership.*—One who permits himself to be treated as a partner will be estopped to dispute the partnership.

2. SAME—*Where the Estoppel Does Not Exist.*—It is immaterial what the community or general public may have believed or understood, if the persons dealing with the alleged partners were not misled by their acts, there is no estoppel to assert that they were not partners.

Assumpsit, on promissory notes, etc. Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding. Heard

in this court at the May term, 1895.  Reversed and remanded.  Opinion filed December 21, 1895.

S. B. MONTGOMERY, KINSEY THOMAS, WM. PRENTISS and T. J. SPARKS, attorneys for appellants, contended that before defendants can be held liable on the ground of holding out or permitting themselves to be held out as partners in the firm of J. Mershon & Co., it must appear from the evidence that plaintiffs knew of such holding out; that they believed the truth of the report or notice, and that as ordinarily reasonable and prudent men they relied upon it and extended the credit and made the loan on the faith of such information.  Thompson v. Bank, 111 U. S. 529; Lindley on Partnership, Sec. 43 *et seq.;* Ward v. Pennel, 51 Me. 52; People v. Brown, 67 Ill. 435; Ball v. Horton, 85 Ill. 159; Central City Bank v. Walker, 66 N. Y. 424; Irwin v. Conklin, 36 Barb. 64.

The liability can only be predicated upon the principle of equitable estoppel, and parties who attempt to claim the benefit of this estoppel must show that they were ignorant of the truth in regard to the representation, and they must have been permissibly ignorant and destitute of any convenient and available means of acquiring knowledge thereof. If they knew, or under all the circumstances ought to have known, the fact, the estoppel falls to the ground.  Bigelow on Estoppel (5th Ed.), 626; Shipley v. Fox, 69 Md. 572–9; Brant v. Coal and Iron Co., 93 U. S. 327; Steel v. St. Louis Smelting Co., 106 U. S. 447; Crest v. Jack, 3 Watts 240; Knouff v. Thompson, 4 Harr. 361; Lawrence v. Brown, 5 N. Y. 394; Bigelow v. Topliff, 25 Vt. 273; Carter v. Champion, 8 Conn. 554; Am. and Eng. Enc., Vol. 7, p. 15; Williams v. Wadsworth, 51 Conn. 277; Lash v. Rendell, 72 Ind. 475; Shellock v. Gilbert, 23 Minn. 373; Robbins v. Potter, 98 Mass. 532; Kingman v. Graham, 51 Wis. 232; Trenton Banking Co. v. Duncan, 86 N. Y. 221; Wright v. McPike, 70 Mo. 175.

To render an incoming member of a firm liable on an old debt of the firm of which he has become a member, there must be a novation of the debt, or an agreement sanctioned

Mellor v. Carithers.

by all the copartners for a legal consideration, to discharge the old firm from their liability to the creditor, and make the debt an obligation of the newly constituted firm. Lindley on Partnership, 2d Ed., 208 and note; Bates on Partnership, par. 507; Story on Partnership, Secs. 151-3; Collyer on Partnership, 361; Sheriff v. Nilks, 1 East 48; Stermberg v. Callahan, 14 Iowa 251; Parmelee v. Weggenhorn, 6 Neb. 322; McKinney v. Alvis, 14 Ill. 14; Watt v. Kirby, 15 Ill. 200; Goodenow v. Jones, 75 Ill. 48; Wright v. Brossman, 73 Ill. 381; Wittram v. Van Wormer, 44 Ill. 525; Fuller v. Row, 56 Barb. 344; Kountz v. Holthmise, 85 Pa. St. 235.

The holding out, to make one liable, must be before the contract. Bates on Partnership, Sec. 91 and cases cited. Baird v. Plauque, 1 Fos. & Fin. 344; Lindley on Partnership; Rimel v. Hayes, 83 Mo. 209.

Estoppel being the sole ground upon which a person can be charged as a partner by holding out, and not the doctrine of a holding out to the world independent of the plaintiff's knowledge, it would follow that acts of holding out of which the plaintiff was unaware can not be admitted, even to corroborate the acts known and relied upon. The plaintiff can not show all the acts of the defendant and prove afterward what came to his knowledge. Bates on Partnership, Sec. 98; Rimel v. Hayes, 83 Mo. 200-209.

H. W. MASTERS and JOHN A. GRAY, attorneys for appellees, contended that some respectable authorities permit proof of "current report" and "reputation" to show that a party acted in "good faith" in giving credit to the "new men." Uhl v. Harney, 78 Ind. 26; Benjamin v. Covert, 47 Wis. 384.

OPINION PER CURIAM.

This case was here at a former term, (52 Ill. App. 86,) and was then reversed for reasons stated, which applied specially to Samuel Chipman, one of the appellants at that time.

Having been remanded, the case was tried again. The

item of the draft was eliminated and the contention related solely to the certificate of deposit.

During the trial the plaintiffs dismissed as to defendant Chipman. The issues were found for the plaintiffs, damages assessed at the amount of the certificate of deposit and interest, but pending a motion for new trial the plaintiffs remitted $1,296.44, the amount of a dividend in their favor received from the assignees of J. Mershon & Co., and thereupon the court overruled the motion for new trial and rendered judgment for the plaintiffs in the sum of $1,955.44, from which the present appeal is prosecuted.

It was not contended that the appellants were in fact members of the firm of J. Mershon & Co., but by their conduct they had so held themselves out to the appellees, who, acting upon the belief reasonably produced by the conduct of appellants, extended the credit in question to the firm on the strength of such belief that appellants were indeed members of the firm. In other words, the position is that appellants are estopped to deny that they were such partners. Such was the position on the first trial and manifestly it is essential to a recovery since the appellants were not, as between themselves and the Mershons, partners at the time the certificate of deposit was issued, May 10, 1892.

The certificate was antedated, as of May 6th, in order to include interest on a check of some $1,500 which the appellees had received from Chipman on the 29th of April (or May 2d), and had not collected, and which was a part of the consideration for which the certificate was issued. It is proper to refer at this point to the suggestion by appellants that liability on this check constituted an indebtedness of the old firm for which in no event could the alleged new members be bound without their express consent. It would seem a sufficient answer (aside from the fact of the renewal and extension of credit for one month) that the check was not received by appellees until after they were advised of the published notice of the partnership on which they rely. So that if what they so rely upon is enough for their purpose it would secure them in the amount of this check as

well as the other item which made up the sum of the certifi-
cate, for the reason that as shown by the record no additional
facts came to their knowledge upon which to predicate
their claim of estoppel. It may be said, no further facts
came to their knowledge after they received the check,
because the circular which Wm. Carithers says he received
between the 3d and 5th of May was in substance identical
with the notice which he had seen in the Chronicle before
he received the check.

That publication was to the effect that the appellants
(and Chipman) and the Mershons had formed a copartner-
ship for the purpose of carrying on the banking business
under the name and style of J. Mershon & Co., bankers, and
that having succeeded to the business theretofore carried on
by J. Mershon & Co., they solicited patronage in that line,
etc.

This notice was prepared by Mellor and Henry Mershon
with the assistance of Durell. The other appellants did not
know of it at the time though there is evidence tending to
show that some of them afterward assisted in distributing
the circulars. It seems pretty clear that one or more of
them never had anything whatever to do with the news-
paper publication or the circular, but that this was the work
exclusively of Henry Mershon, Durell, and some only, but
not all, of appellants.

The most important question is how far the appellants,
all, or any of them, should be estopped to deny as against
the appellees, the implication of partnership established by
said publications. Chipman's name was signed and appeared
the same as the others, but clearly without any authority
from him, as he informed appellees the day he gave them
the check. It is not doubtful that appellees understood
that Chipman was really not committed to the enterprise
at that time, and if his account of the conversation is cor-
rect, they must also have understood or at least might well
have inferred that the whole matter was merely in progress
and that nothing definite had so far been done. The sub-
sequent conduct of appellees in withdrawing their time

deposit of $4,000, and forfeiting the interest thereon, and the reason they assigned for doing so, and for leaving the amount of the certificate, which, with interest, would soon mature, and the admission afterward made to Chipman as to the substance of the conversation at the time of the giving of the check, all tend very strongly to support the position that the appellees knew that no partnership had really been formed, and that what had been done was incomplete and conditional; that the business was still carried on by the old concern and that the appellees at the time the certificate of deposit was issued had unshaken confidence in the solvency of the firm. The impression is quite reasonably produced by a reading of all the proof that appellees would not have taken the certificate if they had then suspected the firm was not sound. What Chipman told them was enough to put them on inquiry as to whether the appellants had indeed entered the firm, and the fact they made no such inquiry very strongly tends to show they had no apprehension as to the firm and therefore did not rely upon the appellants in respect to this certificate of deposit.

Since, then, the appellees must depend upon the facts, substantially as above stated, to establish the proposition of partnership by estoppel as against the appellants, it is difficult to see how they obtained their verdict, unless the jury were misled and confused by other testimony, not really important or relevant, of which a good deal is to be found in the record. Reference is here made to the proof of various declarations by several of the appellants at different times as to what had been done, or would be, in the matter of the rehabilitation of the old bank or the establishment of a new one, and the legal responsibility of the appellants in that behalf. These declarations were not made to the appellees, and were not reported to them until after they took the certificate of deposit, nor if, indeed, ever, before the suspension, and, of course, could not form the basis of any credit or confidence extended by them to the bank on account of the supposed connection of appellants.

Yet such proof probably had great effect upon the jury.

It was error to admit proof of any such declarations of which appellees were not informed before the certificate of deposit was issued.

Here may be noticed the peculiar terms of some of the instructions given for the appellees, by which the jury were told that persons may be regarded as partners, as to third persons, if they so conduct themselves as to justify the public, or persons dealing with them, in believing they are partners.

It is immaterial what others than those who dealt with them, and who are complaining against them, may have been induced to believe. No matter how the rest of the community may have understood it, if the plaintiffs were not misled by the act of the defendants, there is no estoppel to assert that they were not partners. It is true that in some of the instructions given at the instance of the appellants, this point was presented to the jury with all needed clearness, but it is hardly probable that the mischief was thereby corrected.

Complaint is made of a modification of instruction No. 1, asked by appellants, by which, as is assumed, the jury were told that the plaintiff must recover against all the defendants, omitting the words, *if any*. The jury were presumably not misled by this instruction when taken in connection with the others relating to the same branch of the case. Other objections presented in the brief are not discussed, because not deemed of special importance, as they will, no doubt, be obviated on another trial.

The judgment is reversed and the cause remanded.