## Ernest De St. Aubin, Impleaded, etc., v. Jacob Laskin et al.

1. INSTRUCTIONS—*Should Apply to the Evidence.*—The court discusses the evidence and holds that an instruction given on behalf of appellee is erroneous because not justified by the evidence.
2. BURDEN OF PROOF—*Of Joint Liability.*—Where a defendant denies joint liability as a partner, under oath, the burden of proof is on the plaintiff to establish such joint liability.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed March 3, 1898.

LYMAN M. PAINE and FREDERICK S. McCLORY, attorneys for appellant.

WILBER; ELDRIDGE & ALDEN, attorneys for appellees.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellees sued appellant and Ovide De St. Aubin jointly in assumpsit for goods sold and delivered. Appellant pleaded the general issue and non-joint liability, and verified his pleas. A trial before the court and a jury resulted in a verdict and judgment against appellant, from which he appealed.

The evidence shows that appellant, in the latter part of December, 1895, stated to one Kimball, a credit man of Field & Co., that he would be a partner of Ovide De St. Aubin on January 1, 1896; that the partnership was to take place as of that date, and at the time of that conversation had statements made out, of the indebtedness of the firm of St. Aubin & Magnan to Field & Co., in which appellant was not then interested; also, that the accounts were changed on the books of Field & Co., and that appellant was, after January 1, 1896, frequently in the store of Field & Co., but what he was there for does not appear. It also appears that what appellant said about his future partnership was communicated to appellee Laskin, but when that communication was made does not appear.

It further appears that appellant, in presence of Ovide De St. Aubin, stated to Bradstreet's Commercial Agency, on December 3, 1895, substantially the same that he did to Kimball, but it does not appear that this statement was ever in any way communicated to appellees, except that Edson Keith & Co., to whom the Bradstreet Co. made a mercantile report, also reported to Laskin that appellant was a partner of the firm of St. Aubin Bros., but when that report was made does not appear.

The goods in question were sold by appellees to Ovide De St. Aubin in March and April, 1896, and were sent to the office of St. Aubin Bros., and charged in appellees' books to St. Aubin Bros.

Ovide De St. Aubin testified that he was of the firm of St. Aubin Bros., who dealt with appellees, but that appellant was not connected in any way with the firm of St. Aubin Bros. The court instructed the jury, in substance, that if appellant was not a partner in the firm of St. Aubin Bros., still if he held himself out to the world as a partner, and appellees extended credit to the firm on the representation that he was a partner, then he was liable for the goods in question, if the jury believed that the goods were sold and delivered to the firm relying on the credit of appellant. This instruction was erroneous, because not justified by the evidence. As we have seen, there was no evidence that appellant held himself out as a partner, and his statements to the effect that he would at a future time become a partner are not shown to have been communicated to appellees before they sold and delivered the goods in question, nor that appellees in any way relied on them or gave credit to the firm of St. Aubin Bros. relying on appellant's responsibility. And besides, there is no sufficient evidence to justify the jury in finding that appellant was in fact a partner in the firm of St. Aubin Bros. In this regard, the joint liability of appellant being denied under oath, the burden of proof was on appellees. Bowen v. Rutherford, 60 Ill. 41; Hefner v. Palmer, 67 Ill. 161; Mellor v. Carithers, 52 Ill. App. 86, and 63 Ill. App. 579.

The judgment is reversed and the cause remanded.