SAMUEL M. WHITE, *d.b.a.* GREATER FINANCE Co. *vs.* ANTHONY SIRAGO *et al.*

JULY 24, 1940.

. PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J.   This action of assumpsit was heard in the superior court by a justice thereof sitting without a jury.   He rendered a decision in favor of the plaintiff against both defendants in the sum of $2941.27.   Thereafter the defendants duly prosecuted their bill of exceptions to this court. The only exception now pressed is to the above decision.

It appears from the evidence that during the period in which the transactions involved in the present action took place, that is, from the latter part of 1936 to approximately August 1937, the defendant Bennie Viselli was in active charge of a business in which used automobiles were bought and sold and which was known as the Knight St. Garage. The plaintiff, who conducted an unincorporated finance business, discounted for the Knight St. Garage, so-called, notes of persons to whom used automobiles had been sold by Viselli

and by salesmen employed at said garage. These notes were secured by corresponding conditional sales contracts, which were assigned to the plaintiff by the Knight St. Garage when the notes in question were discounted. All of the notes in suit in the instant case were indorsed on the back beneath a general waiver of demand, protest and notice of protest: "Knight St. Garage By Bennie Viselli". The assignments were signed in the same manner. On none of these notes or assignments did the name of the defendant Sirago appear in any capacity.

Apparently, in August 1937, whatever business relations had previously existed between the defendants Viselli and Sirago terminated. Certain used automobiles were then taken from the Knight St. Garage by the latter, who claimed that they were his property by reason of having been purchased with money advanced by him. Viselli made no objection to Sirago's conduct in this regard. These automobiles were moved a short distance to a lot on Knight street where Sirago, with the assistance of two salesmen, began operating a business known as Knight Street Motors. Viselli continued on at the Knight St. Garage.

Thereafter, purchasers of certain automobiles from the Knight St. Garage, who had bought their automobiles prior to the above-mentioned separation, defaulted in their payments on the notes held by the plaintiff. He thereupon took possession of many of the automobiles under the provisions of the conditional sales contracts which had been assigned to him, and then brought the present action to recover the amount remaining due and unpaid on such notes. The defendants were apparently sued as partners doing business as the Knight St. Garage. Viselli did not contest the plaintiff's claim but was a witness for the latter. Sirago, who was by trade a bricklayer and contractor, contended that he was not a partner with Viselli in the business known as the Knight St. Garage. Sirago testified, in substance, that, at

Viselli's request during 1936 and 1937, he (Sirago) from time to time loaned money to Viselli for the purchase of used automobiles, with the understanding that when such automobiles were eventually sold he would be repaid the purchase price, and the profits from the sales would be divided equally between them. If there were losses, Viselli alone was to stand them. Sirago also gave evidence to the effect that he took no part in the purchase or sale of the automobiles, or in the conduct of the business known as the Knight St. Garage, and denied owing the plaintiff any money.

The plaintiff's declaration has only one count. It alleges that the defendants negotiated with the plaintiff promissory notes secured by leases on automobiles sold by them, and that they "promised the plaintiff that if said promissory notes were not paid in accordance with said terms thereof that they, the said defendants would pay the plaintiff the unpaid balance of said promissory notes." Nowhere in the declaration is it set out that the defendants are sued as indorsers on such notes, nor is any reference made in the declaration to any notes in particular. In support of his declaration, the plaintiff relied on evidence which he claimed tended to show that the defendants were liable as indorsers on notes taken by the alleged partnership and negotiated to him, namely, on a considerable number of specified notes, the makers being purchasers of used cars from the Knight St. Garage. No evidence of any other special promise or undertaking to pay the notes was introduced by the plaintiff.

The defendants contend that the plaintiff's proof does not support his declaration, and that there is a fatal variance. See *Beaudette* v. *Cavedon*, 50 R. I. 140. The declaration is not in the usual form where indorsers on notes are declared against, but appears to be on a special promise or undertaking of some kind outside the notes themselves. However, the case was apparently fully tried on its merits in the superior court; the defendants did not raise this question in

that trial; they did not ask the superior court, at the conclusion of the plaintiff's evidence, that he be nonsuited, or for a decision in their favor on the ground of variance; and they have no specific exception which raises the point. We are of the opinion, therefore, that considering this state of the record, the defendants are not in a position to now urge this matter before us.

The plaintiff's case, judged from the evidence submitted by him, was tried on the theory that the defendants were actually partners and that, therefore, Sirago was liable on the notes which had been negotiated to the plaintiff. On this issue the testimony was in direct conflict, and different reasonable inferences could well be drawn from all the evidence and from the conduct of the parties.

The trial justice in his decision made the following findings: "We think that it is established by a fair preponderance of the evidence that Sirago held himself out as a partner and allowed himself to be held out as a partner in his transactions with the plaintiff; . . . that the paper negotiated to the plaintiff on the cars sold by Knight Street Garage from September 1936 up to August 1937 was the partnership paper of Sirago and Viselli."

It is significant, however, that the trial justice nowhere in his decision made a specific finding that the defendants were actually partners. Apparently he did not decide against the defendant Sirago on the ground that he was Viselli's partner in fact. On the contrary, the trial justice merely found that Sirago had held himself out as Viselli's partner and allowed himself to be so held out in the transactions with the plaintiff. If the trial justice's conclusion under the evidence had been that Sirago and Viselli were actually partners, it would not have been necessary for him to make the express finding, as he did, in regard to Sirago's holding himself out as such.

It is, therefore, to our minds, a reasonable and necessary implication from the findings of the trial justice, that he was unable to say, after weighing the conflicting evidence, that the plaintiff had established, by a fair preponderance of the evidence, that Sirago and Viselli were partners in fact.

However, it does not necessarily follow from a finding that Sirago had merely held himself out or permitted himself to be held out as a partner with Viselli that Sirago is liable to the plaintiff in the instant case. A further finding is required under such circumstances before liability can be imposed. It appears to be well settled that a person holding himself out as a partner, or permitting himself to be so held out, is liable only to those who have been misled and who have acted on the faith of the appearance thus produced; or have given credit to an apparent partnership in ignorance of the actual facts and in the belief that the one so held out was a partner in fact. The liability in such case is predicated on the doctrine of estoppel. The persons sought to be held are not actual partners *inter se,* but become liable as such to a third person only upon proper proof. 20 R. C. L. 1067, 1068. This general principle has been recognized in this state in *Lincoln* v. *Craig,* 16 R. I. 564. The following cases are to the same effect: *Downie* v. *Savage,* 72 Wash. 164; *Waldron* v. *Hughes,* 44 W. Va. 126; *Burrows* v. *Grover Irr. Co.,* 41 S. W. 822 (Tex. Civ. App.); *Mellor* v. *Carithers,* 63 Ill. App. 579; *Morgan* v. *Farrel,* 58 Conn. 413.

In the instant case the trial justice did not find specifically that the plaintiff had been in any way misled during the transactions in question or that he had negotiated the notes, which are apparently the basis of this action, and given credit in reliance upon Sirago's financial responsibility. Such a finding is left entirely to inference. The burden of proof was upon the plaintiff on this issue, and the evidence before us in connection therewith is meager and unsatisfactory. Upon a consideration of all the evidence we find that the plaintiff has not sustained that burden.

Nowhere in the evidence does it expressly appear that he discounted the notes of the purchasers of automobiles and extended credit in reliance on a belief that Sirago and Viselli were partners or in dependence on the former's financial soundness. Further, in our judgment, sufficient reasonable inferences from the evidence cannot properly be drawn to sustain the plaintiff's claim against the defendant Sirago in this respect. On the contrary, the evidence showed, among other things, that the plaintiff sought out Viselli and asked him for an opportunity to negotiate the latter's automobile paper. Neither defendant approached the plaintiff in this connection. Although Sirago was in the plaintiff's office a few times, apparently he was never requested to indorse any of the notes involved herein. The plaintiff's conduct, in general, does not show that he relied on Sirago in the transactions in question. After Viselli and Sirago terminated their business relations, the plaintiff, with knowledge of that fact, continued to negotiate notes for Viselli.

Under the findings as made by the trial justice the plaintiff, as already pointed out, can prevail against the defendant Sirago only on the theory of an estoppel. After a consideration of all the evidence, we are of the opinion that the plaintiff has failed to show by a fair preponderance thereof that, in negotiating the notes in question, and giving credit, he was misled or that he acted on the faith of the alleged holding out of Sirago as Viselli's partner in the Knight St. Garage. Under all the facts and circumstances appearing in evidence we find, therefore, that no estoppel operated against Sirago in favor of the plaintiff.

For the reasons stated, the exception of the defendant Sirago to the decision of the trial justice is sustained. We perceive no reason for disturbing the decision of the trial justice in respect to the defendant Viselli and his exception is overruled.

The exception of the defendant Sirago is sustained, the exception of the defendant Viselli is overruled, and the plain-

tiff may, if he shall see fit, appear on October 7, 1940, and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant Sirago.

*Charles M. Robinson, Edmund Wexler,* for plaintiff.

*Knauer & Fowler, Philip S. Knauer, Jr., Vincent P. Marcaccio, Jr.,* for defendant.